UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF MICHIGAN

| | |
|---|---|
| WHITNEY SCOTT<br>Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBURG &<br>REIS CO., L.P.A.<br>Defendant. | Case No.:15-12813<br>Hon. Judith E. Levy |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper because the acts and transactions occurred in the Eastern District of Michigan ("here"), plaintiff here, and defendant transacts business here.

4. Plaintiff Whitney Scott is a natural person who at all relevant times resided in Washtenaw County, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Weltman, Weingburg, & Reis Co. L.P.A. (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes based upon an alleged debt for a student loan that allegedly went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. The last payment made on the alleged debt was made on July 18, 2008.

8. On August 11, 2014, defendant filed suit on behalf of Terri Loan Holdings, L.L.C.

9. The statute of limitations on a breach of contract is six years in the State of Michigan.

10. The alleged debt was time-barred when defendant filed suit.

11. Filing a lawsuit to collect an alleged debt constitutes an attempt to collect a debt.

12. Defendant represented in pleadings filed with the court that the last payment made on the debt was $85.00 in August of 2008

13. The alleged last payment was in reality a refund of an overpayment made to the previous servicer in July 2008.

14. The argument that an $85.00 refund on an overpayment from a servicer was somehow made by the consumer was frivolous.

15. The refund of an overpayment does not constitute a payment made by the debtor and did not toll or revive the applicable statute of limitations.

16. Even if the $85.00 had been made by plaintiff, it was not made in August 2008, rather it was made in July 2008.

17. This is a material misrepresentation because defendant filed in August of 2014 and by representing that the $85.00 payment was made in August buttressed its claim that the debt was not time-barred when in fact it the refund payment was made in July 2008.

18. Defendant filed a Motion for Summary Disposition in June 2014 and case evaluation was to be held in July 2015.

19. The last attempt to collect was made in July 2015.

20. Litigation activity is governed by the FDCPA.

21. As a result of defendant's acts, plaintiff suffered a loss of time, inconvenience, anxiety, nervousness, embarrassment, and humiliation.

22. Additionally, plaintiff had to pay for case evaluation fees of $75.00, copy fees for court filings, and is obligated to pay attorney fees of $1,000.00 to defend the underlying action.

23. Plaintiff was damaged by defendant's acts.

## CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each and every defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. Defendant violated 15 U.S.C. § 1692e(2)(A) because it made a false representation or used deceptive means to collect or attempt to collect by misrepresenting the legal status of the debt by filing a lawsuit against plaintiff when the suit was time-barred.

27. Defendant violated 15 U.S.C. § 1692e(5) because it made a false representation or used deceptive means to collect or attempt to collect a debt by taking legal action that it was not entitled to take by operation of law.

28. Defendant violated 15 U.S.C. § 1692e(2)(A) because it made a false representation or used deceptive means to collect or attempt to collect a debt by asserting in litigation that the $85.00 repayment was 1) actually a payment from Ms. Scott and 2) actually occurred in August of 2008 and not July 2008.

29. As a result of the act, plaintiff suffered damages as stated above.

30. As a result of each and every defendant's violations of the FDCPA, plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant herein.

## COUNT II
## VIOLATIONS OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT MCL 445.251 et seq.

31. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

32. Defendant is a "person" as that term is defined by MCL § 445.251(f) because it is a corporation or business entity.

33. Plaintiff is a "person" as that term is defined by MCL § 445.251(f) because she is an individual.

34. Defendant violated MCL § 445.252(a) because it made a false representation or used deceptive means to collect or attempt to collect when it filed a time-barred lawsuit against plaintiff.

35. Defendant violated MCL § 445.252(f)(ii) because it misrepresented the legal rights of both the creditor and debtor when it filed a time-barred lawsuit against plaintiff.

36. Defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt when it attempted to collect a debt by asserting in litigation that the $85.00 repayment was 1) actually a payment from Ms. Scott and 2) actually occurred in August of 2008 and not July 2008 in violation of MCL § 445.252(e).

37. The above violations were willful because defendant asserted a claim for almost one year before finally dismissing its action despite notice of the fact that the claim was time-barred and because defendant asserted and attempted to persuade the court that it was not time-barred using incorrect information.

38. Plaintiff suffered loss because of defendants' actions.

39. Plaintiff suffered and may continue to suffer injury and/or damage as a result of defendant's acts.

40. Plaintiff seeks the greater of three times actual damages under MCL § 445.257(2) or $50 per violation or $150 per willful violation of the MRCPA, plus costs and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

## <u>TRIAL BY JURY</u>

41.  Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against defendant and for plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every defendant and for plaintiff;

- for such other and further relief as may be just and proper.

## COUNT II
## VIOLATIONS OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT
## MCL § 445.257 et seq.

- for an award of the great of at least three times actual damages or statutory damages for the willful acts of defendant pursuant to MCL § 445.257(2) against defendant and for plaintiff;

- for a finding that each and every defendant committed willful violations of MCL § 445.257(2);

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL § 445.257(2) against each and every defendant and for plaintiff;

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 13, 2015

*/s/ Andrew L. Campbell*

Andrew L. Campbell
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff